IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

ELMITA CAMELUS, an individual,

      Plaintiff,

vs.

STONEBRIDGE GARDENS, SECTION 2,
CONDOMINIUM ASSOCIATION, INC., a Florida
not for profit corporation,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

Plaintiff, Elmita Camelus, an individual ("plaintiff tenant") sues the defendant, Stonebridge Gardens, Section 2, Condominium Association, Inc., a Florida not-for-profit corporation ("association) for damages arising from the association's violation of the Federal Fair Housing Act, or 42 U.S.C. §3604 ("The Act") against the plaintiff tenant and demands a trial by jury regarding all issues so triable as follows.

## INTRODUCTION, VENUE AND JURISDICTIONAL ALLEGATIONS

1.     This is an action for damages associated with the association's conduct of violating the Act and by discriminating against the plaintiff tenant in the rental of her dwelling based on her familial status.

2.     The Court has subject matter jurisdiction arising from the Defendants conduct of violating the Act.

3.     The plaintiff tenant was lawfully residing in that certain residential property identified as 2860 NW 55th Avenue, Unit 2A, Lauderhill, Florida (hereinafter "residential property") through a lease agreement with the owner of the property within the condominium complex operated and managed by the defendant association.

4.      The residential property is located within the defendant association and, therefore, is governed by the governing documents (hereinafter "association documents").  A review of the association documents evidences the fact that the Association is not a 55 and over community and, therefore, families with children under the age of 18 are entitled to reside within the Association. In addition, the Association Documents do not prohibit the property owners from leasing their respective units to third party tenants.  The lease agreements are, however, conditioned on approval from the Defendants.

5.      The plaintiff tenant had a lease agreement with the property owner of the residential property; subject to the per se discriminatory rules as per the governing documents of the association.

6.      Venue properly lies in the Southern District of Florida because the parties are residing and/or are doing business in the Southern District of Florida and the residential property is located in The Southern District of Florida.

## SUMMARY AND BACKGROUND OF THE ACT

7.      On September 13, 1988, Congress amended the Act to prohibit housing practices that discriminate on the basis of familial status.  42 U.S.C. § 3601 et. seq.  In amending the Act, Congress recognized that "families with children are refused housing despite their ability to pay for it." H.R. Re. No. 711, 100th Cong., 2nd Sess. (1988).  In addition, Congress cited a HUD survey that found 25% of all rental unit exclude children and that 50% of all rental units have policies that restrict families with children in some way.  *See* Marans, *Measuring Restrictive Rental Practices Affecting Families With Children, A National Survey,* Office of Policy, Planning and Research, HUD, (1980).   The HUD Survey also revealed that almost 20% of families with children were forced to live in less desirable housing because of restrictive policies.  Congress recognized these problems and sought to remedy them by amending the Fair Housing Act to make families with children a protected class.

8.      The Act was amended in 1988 to prohibit housing practices that discriminate on the basis of familial status.  42 U.S.C. §§ 3601-19.  "Familial status", as relevant to this case, is defined by the Act as, in part, "one or more individuals (who have not attained the age of eighteen years) being domiciled with. . . .(1) a parent or another person having legal custody of such individual or individuals. . .. Id. at §3602(k); 24 C.F.R. §100.20.

9.      Following the amendment of the Act in 1988, the association has been discriminating against families, including the plaintiff tenant, by placing restrictive and illegal language in the association documents.  The language in the association documents is in violation of the Act.

10.     The language—referenced above—is attached hereto as **EXHIBIT "A"**.  It states as follows:

## ARTICLE XVII—RULES AND REGULATIONS

**(y)     No children under 14 years of age shall be permitted to permanently reside in any unit except that children younger than 14 may be permitted to visit and temporarily reside from time to time for periods not to exceed 30 days without the prior written consent of the board.**

11.     The rules within the association are equally discriminatory towards families.  Children are not permitted to do the following: (i) enter into the clubhouse of the association—at any time; (ii) toddlers in diapers are not permitted to use the pool; and (iii) are restricted from taking out the garbage or riding bicycles in the common elements.  This is evidenced by the attached **EXHIBIT "B".**

12.     The association was on actual notice that the governing documents were *per se* discriminatory from the lawsuit that the undersigned counsel, on behalf of Patrick Nicolas and Midpoint Properties filed against it in the action styled as follows: *Patrick Nicholas and Midpoint Properties, LLC, a Florida limited liability company vs. Stonebridge Gardens, Section 2, Condominium Association, Inc. in the United States District Court of the Southern District of Florida, Case No.: 19-cv-61924 RKA* (hereinafter "The Nicholas Litigation").

13.     There is no evidence that the association amended the governing documents at any time either during or concluding The Nicholas Litigation.

14.     The governing documents—which includes the per se discriminatory language—remains published in the official records of Broward County, Florida.  The published document does not include a recorded amendment to remove the *per se* discriminatory language.

15.     Despite having actual notice of the per se discriminatory language in the governing documents and the conduct designed to discriminate against families with children, the association nevertheless issued the letter dated April 12, 2021; a copy of which is attached hereto as **EXHIBIT "C".**

16.     The plaintiffs have retained the undersigned law firm and has agreed to pay the undersigned law firm a reasonable fee for the services.

17.     All conditions precedent has been met or has otherwise been waived or satisfied.

### <u>COUNT I—VIOLATION OF 42 USCA §3604(b) and (c)</u>

18.     Plaintiff Tenants readopt and reincorporate the allegations contained in Paragraphs 1 through 17, inclusive, as if specifically incorporated herein.

19.     Plaintiff Tenant brings a cause of action sounding in the violation of The Act.

20.     The Act provides, in part, as follows:

*********************

"As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful—

(b)     To discriminate against any person in the terms, conditions or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of age, color, religion, sex, familial status or national origin.

(c)     To make, print or publish or cause to be made, printed or published any notice, statement or advertisement with respect to the sale or rental of a swelling that includes any preference, limitation or discrimination based on race, color, religion, sex, handicap, familial status or national origin or an intention to make any such preference, limitation or discrimination".

*********************

21.     The defendant association violated The Act by establishing the existence of facially discriminatory rules that treat children and, thus, families with children, differently and less favorably than adult only households through doing and/or failing to do the following: (i) the publication of the per se discriminatory Association Rules as to the tenant's familial status; and (ii) the prohibition from permitting children to permanently reside in a unit.

22.     As a direct and proximate result of the association's violation of the act, the plaintiff tenant has incurred damages.

## DEMAND FOR ATTORNEYS' FEES

23.     Plaintiff Tenants further demand reasonable attorneys' fees and costs necessitated by bringing the pending action against the Defendants.

**WHEREFORE,** Plaintiff Tenants requests a judgment finding that the association's conduct is a violation of the Act and further demands any further relief, including actual damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just, and equitable.

## COUNT II—VIOLATION OF 42 USCA § 3617

24.     Plaintiff Tenants readopt and reincorporate the allegations contained in Paragraphs 1 through 17, inclusive, as if specifically incorporated herein.

25.     Plaintiff Tenant brings a cause of action sounding in the violation of 42 USCA § 3617 against the association.

26.     Association violated 42 USCA § 3617 by engaging in a systematic and continuous course of dealing designed to coerce, intimidate, threaten, or interfere with the Plaintiff Tenant in their exercise or enjoyment of residing in the Association through their conduct of the creation and implementation of the *per se* discriminatory association rules.

27.     As a direct and proximate result of such conduct, the plaintiff tenant has incurred damages.

## DEMAND FOR ATTORNEYS' FEES

28.     Plaintiff Tenant further demand reasonable attorneys' fees and costs necessitated by bringing the pending action against Association.

**WHEREFORE,** Plaintiff Tenant requests a judgment finding that the association's conduct is in violation of 42 USCA § 3617 and further demands any further relief, including actual and punitive damages and reasonable attorneys' fees, costs, and expenses that the Court deems fair, just, and equitable.

Dated this the 1st day of October 2021.

Respectfully submitted,

THE LAW OFFICES OF GEOFFREY D. ITTLEMAN, P.A.
955 S. Federal Highway, Suite 339
Fort Lauderdale, Florida 33316
Tel: (954) 462-8340
Fax: (954) 324-2037
geoffrey@ittlemanlaw.com

-and-

OMID JOHN, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Tel: (954) 205-4247
esq@omidjohn.com

By:     */s/ Geoffrey Ittleman*
Geoffrey D. Ittleman, Esq.
Fla. Bar No.: 377790
Omid J. Esmailzadegan, Esq.
Fla. Bar No.: 1004142